IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL E. OSTERHOUDT, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| OLIVIA A. KROESE and JOHN | ) | |
| DOES 1-2, | ) | |
| | ) | |
| Defendants. | ) | |

The Defendants

1.    Defendant Olivia A. Kroese ("Kroese") was at all relevant times herein a duly appointed and acting officer, servant, employee, and agent of the Sheriff of Lancaster County, Nebraska.  Kroese's actions, as more fully alleged and described below, were under the color and authority of the laws, statutes, ordinances, regulations, customs and/or usages of the State of Nebraska, Lancaster County, Nebraska, and the Sheriff of Lancaster County, Nebraska, and the plaintiff asserts a claim against Kroese under 42 U.S.C. § 1983 for depriving the plaintiff of rights conferred upon him by the United States Constitution.  The plaintiff, Michael E. Osterhoudt, sues Kroese solely in her individual capacity.

2.    The true name of defendant John Doe 1 ("Doe 1") is presently unknown to the plaintiff, but the plaintiff expects that discovery will reveal it, at which time the plaintiff will amend his Complaint.  Doe 1 was at all relevant times herein a duly appointed and acting officer, servant, employee, and agent of the Sheriff of Lancaster County, Nebraska.  Doe 1's actions, as more fully alleged and described below, were under the color and authority of the laws, statutes, ordinances, regulations, customs and/or usages of the State of Nebraska,

1

Lancaster County, Nebraska, and the Sheriff of Lancaster County, Nebraska, and the plaintiff asserts a claim against Doe 1 under 42 U.S.C. § 1983 for depriving the plaintiff of rights conferred upon him by the United States Constitution. The plaintiff sues Doe 1 solely in his individual capacity. When the plaintiff

3.  The true name of defendant John Doe 2 ("Doe 2") is presently unknown to the plaintiff, but the plaintiff expects that discovery will reveal it, at which time the plaintiff will amend his Complaint. Doe 2 was at all relevant times herein a duly appointed and acting officer, servant, employee, and agent of the Sheriff of Lancaster County, Nebraska. Doe 2's actions, as more fully alleged and described below, were under the color and authority of the laws, statutes, ordinances, regulations, customs and/or usages of the State of Nebraska, Lancaster County, Nebraska, and the Sheriff of Lancaster County, Nebraska, and the plaintiff asserts a claim against Doe 2 under 42 U.S.C. § 1983 for depriving the plaintiff of rights conferred upon him by the United States Constitution. The plaintiff sues Doe 2 solely in his individual capacity.

### Jurisdiction and Venue

4.  The Court has jurisdiction over the plaintiff's federal constitutional claims against each defendant pursuant to 28 U.S.C. §§ 1331 and 1343.

5.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

### Facts

6.  During the evening of July 14, 2026, the plaintiff's "Ring" doorbell rang at his home, located at 1100 Plum Ridge Road, Lincoln, Nebraska.

7.  Upon hearing the ring, the plaintiff, while standing inside his home, accessed the "Ring" application on his cellphone, and observed a female law enforcement officer, later learned by the plaintiff to be Kroese.

2

8.    Using the two-way audio of the "Ring" application, the plaintiff asked Kroese what she wanted.

9.    Kroese responded that she was there to check on the plaintiff's daughter.

10.    As the exchange between the plaintiff and Kroese occurred, the plaintiff's daughter, apparently curious as to why law enforcement was outside the plaintiff's home, entered the attached garage of the plaintiff's home from inside the home and opened the garage door.

11.    Upon observing his daughter enter the attached garage, the plaintiff followed his daughter into the garage.

12.    Upon entering the attached garage, the plaintiff observed his daughter outside the garage on the driveway in front of the garage, and followed her to the driveway.

13.    Upon his arrival at the driveway, the plaintiff observed multiple law enforcement vehicles, one of which was parked on his yard.

14.    Kroese, having observed the garage door open, walked from the front door to the driveway and she and Doe 1 met the plaintiff and his daughter, where a conversation ensued.

15.    Kroese then told the plaintiff that there had been a "911" call from his home.

16.    The plaintiff responded to Kroese that no such "911" call had been made.

17.    Kroese then insisted that a "911" call had been made.

3

18.     The plaintiff then asked his daughter whether she had called "911," and his daughter told him, in the presence of Kroese, that she had not.

19.     The plaintiff then asked Kroese and Doe 1 to move the law enforcement vehicle parked on his yard and to leave his property, but Kroese and Doe 1 did not leave.

20.     Kroese then spoke directly to the plaintiff's daughter, asking whether she had called "911," and the plaintiff's daughter replied that she had not, but had texted "988," which the plaintiff knew to be a crisis hotline.

21.     The plaintiff asked his daughter why she had texted "988," but Kroese interrupted and proceeded to ask the plaintiff's daughter the very same question; the plaintiff's daughter told Kroese that she had been upset earlier, but was fine now and did not need or want any aid or assistance.

22.     When Kroese and the plaintiff's daughter finished speaking, the plaintiff's daughter walked inside the plaintiff's home through the garage.

23.     At the time that the plaintiff's daughter went inside the plaintiff's home following her conversation with Kroese, Doe 2 appeared on the plaintiff's driveway, walked toward the plaintiff, Kroese, and Doe 1, and then stopped once he reached them.

24.     Upon observing his daughter walk inside his home, the plaintiff reiterated his request that the defendants move the law enforcement vehicle parked on his yard and leave his property, walked into his garage, and pressed his garage door opener in an effort to close his garage door, but before the garage door could fully close, Doe 1, in an effort to stop the garage door from closing, placed his leg in front of the garage door's infrared sensor, causing the door to stop from closing and to return to its fully open position.

25.     The plaintiff then once again pressed the garage door opener again

in an effort to close the garage door, and Doe 1 once again placed his leg in front of the garage door's infrared sensor, causing the door to stop from closing and to return to its fully open position.

26.     The plaintiff then told Doe 1 that he could see what he was doing with his foot and the garage door's motion sensor, and again demanded that he, Kroese, and Doe 2 leave his property.

27.     Doe 1 then responded that that he would break down the plaintiff's door if he wanted to do so.

28.     Then Doe 2 walked aggressively from the plaintiff's driveway into the plaintiff's garage and right up to the plaintiff and then forcibly grabbed the plaintiff and tackled him to the floor; Kroese and Doe 1 immediately entered the garage and all the defendants repeatedly beat and struck the plaintiff, and kicked the plaintiff in his side and his back several times with their knees; the defendants also placed all of their weight on the plaintiff, restricting his breathing.

29.     Due to the plaintiff being bloodied by the defendants and being in severe pain and out of breath, the plaintiff was transported by emergency medical personnel to the Bryan Health Center's emergency room in Lincoln, Nebraska, for examination and treatment.

30.     Following his examination and treatment, the plaintiff was transported by Kroese to the Lancaster County Jail.

31.     The plaintiff was released from the Lancaster County Jail within an hour.

<u>First Cause of Action – 42 U.S.C. § 1983 Against All Defendants</u>
<u>Illegal Arrest – Fourth Amendment</u>

32.     The plaintiff re-alleges and incorporates paragraphs 1-31 above.

5

33.    Doe 2's actions in forcibly grabbing the plaintiff and tackling him to the floor, followed by all the defendants repeatedly beating and striking the plaintiff, kicking the plaintiff in his side and his back several times with their knees, and placing all of their weight on the plaintiff, restricting his breathing, constituted an arrest of the plaintiff, but this arrest was not supported by a warrant or probable cause to believe that the plaintiff had committed or was committing a crime or other violation of law, and therefore such arrest deprived the plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

### Second Cause of Action – 42 U.S.C. § 1983 Against All Defendants
### Illegal Entry – Fourth Amendment

34.    The plaintiff re-alleges and incorporates paragraphs 1-31 above.

35.    Doe 1's interference with the plaintiff's efforts to close his garage door, and all the defendants' entry into the plaintiff's garage was not supported by a warrant and no exigent circumstances excused the warrant requirement, and therefore such interference and entry deprived the plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

### Third Cause of Action – 42 U.S.C. § 1983 Against All Defendants
### Excessive Force – Fourth Amendment

36.    The plaintiff re-alleges and incorporates paragraphs 1-31 above.

37.    Doe 2's actions in entering the plaintiff's attached garage and forcibly grabbing the plaintiff and tackling him to the floor, followed by Kroese and Doe 1's actions in entering the garage, followed by all the defendants repeatedly beating and striking the plaintiff, kicking the plaintiff in his side and his back several times with their knees, and placing all of their weight on the

6

plaintiff, restricting his breathing, constituted an unreasonable and excessive use of force in effecting an arrest of the plaintiff, and therefore such use of force deprived the plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

### Damages

38.    The plaintiff re-alleges and incorporates paragraphs 1-37 above.

39.    As the direct and proximate result of the actions of each defendant, as alleged and described above, the plaintiff experienced and continues to experience physical pain, discomfort, emotional trauma, fear, anxiety, and embarrassment, among other things, and the plaintiff seeks damages in an amount to be determined at trial to compensate him for these injuries.

### Punitive Damages

40.    The plaintiff re-alleges and incorporates paragraphs 1-39 above.

41.    The deprivation of the plaintiff's federal constitutional rights by each defendant, as alleged and described above, was deliberate, wanton, and reckless, and therefore the plaintiff makes a claim against each defendant for punitive damages in an amount to be proven at trial.

### Attorney's Fees

42.    The plaintiff re-alleges and incorporates paragraphs 1-39 above.

43.    As a result of the actions of each defendant, as alleged and described above, the plaintiff has been required to retain the services of an attorney, and is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. § 1988 for the deprivation of his federal constitutional rights.

<u>Prayer for Relief</u>

In view of the above and foregoing allegations, the plaintiff requests judgment against each defendant as follows:

A.     For damages to compensate the plaintiff for his physical and emotional injuries and the violation of his civil rights as set forth herein;

B.     For punitive damages in an amount sufficient to adequately punish each defendant and to deter future conduct of the type alleged in this Complaint;

C.     For attorney's fees pursuant to 42 U.S.C. § 1988; and

D.     For the costs of this action, litigation expenses, and any expert witness fees, and for such other and further relief as this Court deems equitable and proper.

<u>Jury Demand and Designation of Trial</u>

The plaintiff requests that this matter be tried to a jury in Lincoln, Nebraska.

MICHAEL E. OSTERHOUDT, Plaintiff

BY:    s/ Matt Catlett _____
       Matt Catlett, #21699
       LAW OFFICE OF MATT CATLETT
       701 P Street, Suite 207
       Lincoln, Nebraska 68508
       Tel.: 402-435-0303
       E-mail: matt@catlettlaw.com

8